UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FILED

RYAN MESSMORE; ELISE M. MESSMORE,
    Plaintiff,

vs.

CASE NO.:
DIVISION:

2018 SEP 25  PM 2:02

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

8:18CV2368 T 33SPF

ASSOCIATION LAW GROUP, P.L. D/B/A
ASSOCIATION LAW GROUP,
    Defendant(s).
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff(s), RYAN MESSMORE and ELISE M. MESSMORE (collectively or individually "Plaintiff"), by and through the undersigned counsel, and hereby files this Complaint against Defendant, ASSOCIATION LAW GROUP, P.L. D/B/A ASSOCIATION LAW GROUP ("Defendant") for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et. seq.* ("FDCPA") and Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* ("FCCPA"), and states as follows:

### INTRODUCTION

1. The FDCPA was enacted as an amendment to the Consumer Credit Protection Act. Its purpose is to eliminate abusive debt collection practices by debt collectors. Debt collectors are prohibited from threatening or harassing debtors, and their contacts with debtors are restricted. 15 U.S.C. §1692(e).

2. The FCCPA was devised as a means of regulating the activities of consumer collection agencies within the state of Florida to combat a series of abuses in the area of debtor-creditor relations and to assist consumers experiencing debt harassment or abusive debt collection practices.

### JURISDICTION AND VENUE

TRA-53306
$400

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331 and pursuant to 15 U.S.C. §1692k(d) and pursuant to 28 U.S.C. §1367 for pendent state law claims.

4. The alleged violations described herein occurred in Tampa, Hillsborough County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## THE PARTIES

5. Plaintiff is a natural person, and citizen of the State of Florida, residing in Hillsborough County, Florida.

6. Defendant is a Florida limited liability company doing business in the State of Florida, including Hillsborough county.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. On September , 2018 (the "Relevant Time Period"), Defendant engaged in consumer debt collection activities against Plaintiff in regards to delinquent amounts allegedly owed pursuant to consumer debt within the meaning of the FDCPA and the FCCPA (the "Debt Collection Activity").

8. The Debt Collection Activity included sending a collection letter to Plaintiff (the "Collection Letter"). Attached hereto as Exhibit "A" is the Collection Letter. The Collection Letter contained the following defects:

(a) it had the incorrect amounts listed for 'Club Dues', 'Late Fees', 'Interest', 'Regular and Certified Mail Charges' and/or 'Attorney's Fees and Costs', and may be likely caused by Defendant's attempt to collect amounts that are partially stale or outside of Florida's five (5) year Statute of Limitations, as well as the amounts allegedly due are not in fact due as all such

L18-1169

alleged amounts would have been included as taxes when the subject property was converted a 'Community Development District' or 'CDD" in or around 2018.

(b) further it attempts to collect amounts that Defendant is not entitled to collect. It attempts to collect illegal, unreasonable, estimated and excessive 'Attorney's Fees and Costs'.

## COUNT I- VIOLATIONS OF FCCPA

9. Plaintiff realleges paragraph numbers 1 through 8 herein.

10. This is an action against Collection Letters by RYAN MESSMORE for violations of the FCCPA for damages, interest, court costs and attorneys fees.

11. At all times material hereto: (a) the Plaintiff is a 'debtor' or 'consumer' within the meaning of the FCCPA; (b) the debt sued upon is a 'debt' or 'consumer debt' within the meaning of the FCCPA; and (c) Defendant is a 'person' within the meaning of the FCCPA.

12. Defendant's Debt Collection Activity as described in paragraph eight (8) herein and its conduct in also violating the FDCPA as further described herein violate the following provisions of Florida Statutes, §559.72:

> *(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.*

13. As a result of the Debt Collection Activity as described in paragraph eight (8) herein and its conduct in also violating the FDCPA as further described herein, Plaintiff has been injured.

14. Plaintiff (a) is entitled to collect its attorney's fees and costs pursuant to the Florida Statutes, §559.77(2); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

L18-1169

WHEREFORE, Plaintiff respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such further relief in law or equity that the Court deems just an appropriate under the circumstances.

## COUNT II- VIOLATIONS OF FDCPA

15. Plaintiff realleges paragraph numbers 1 through 8 and herein.

16. This is an action against Defendant by RYAN MESSMORE for violations of the FDCPA for damages, interest, court costs and attorneys fees.

17. At all times material hereto: (a) the Plaintiff is a 'consumer' within the meaning of the FDCPA; (b) the debt sued upon is a 'debt' within the meaning of the FDCPA; (c) Defendant is a 'debt collector' within the meaning of the FDCPA and began servicing this consumer debt when it was already in default.

18. Defendant's Debt Collection Activity as described in paragraph eight (8) herein is a violation of the following provisions of 15 U.S.C. §1692:

> *§1692(e) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*
> *(2) The false representation of—*
>   *(A) the character, amount, or legal status of any debt; or*
>   *(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.*
> *(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.*
> *(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*

> *§1692(f) A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*
> *(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.*

19. As a result of the Debt Collection Activity as described in paragraph eight (8) herein, Plaintiff has been injured.

L18-1169

20. Plaintiff (a) is entitled to collect its attorney's fees and costs pursuant to 15 U.S.C. §1692(k); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such further relief in law or equity that the Court deems just an appropriate under the circumstances.

## COUNT III- VIOLATIONS OF FCCPA AGAINST

21. Plaintiff realleges paragraph numbers 1 through 8 herein.

22. This is an action against Defendant by ELISE M. MESSMORE for violations of the FCCPA for damages, of interest, court costs and attorneys fees.

23. At all times material hereto: (a) the Plaintiff is a 'debtor' or 'consumer' within the meaning of the FCCPA; (b) the debt sued upon is a 'debt' or 'consumer debt' within the meaning of the FCCPA; (c) Defendant is a 'person' within the meaning of the FCCPA.

24. Defendant's Debt Collection Activity as described paragraph eight (8)herein and its conduct in also violating the FDCPA as further described herein is a violation of the following provisions of Florida Statutes, §559.72:

> (9) *Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.*

25. As a result of the Debt Collection Activity as described in paragraph eight (8) Herein and its conduct in also violating the FDCPA as further described herein, Plaintiff has been injured.

L18-1169

26. Plaintiff (a) is entitled to collect its attorney's fees and costs pursuant to the Florida Statutes, §559.77(2); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such further relief in law or equity that the Court deems just an appropriate under the circumstances.

## COUNT IV- VIOLATIONS OF FDCPA

27. Plaintiff realleges paragraph numbers 1 through 8 and herein.

28. This is an action against Defendant by ELISE M. MESSMORE for violations of the FDCPA for damages, interest, court costs and attorneys fees.

29. At all times material hereto: (a) the Plaintiff is a 'consumer' within the meaning of the FDCPA; (b) the debt sued upon is a 'debt' within the meaning of the FDCPA; (c) Defendant is a 'debt collector' within the meaning of the FDCPA and began servicing this consumer debt when it was already in default.

30. Defendant's Debt Collection Activity as described in paragraph eight (8)herein is a violation of the following provisions of 15 U.S.C. §1692:

> *§1692(e) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*
> *(2) The false representation of—*
> *(A) the character, amount, or legal status of any debt; or*
> *(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.*
> *(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.*
> *(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*
>
> *§1692(f) A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*

L18-1169

*(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.*

31. As a result of the Debt Collection Activity as described in paragraph eight (8) herein, Plaintiff has been injured.

32. Plaintiff (a) is entitled to collect its attorney's fees and costs pursuant to 15 U.S.C. §1692(k); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such further relief in law or equity that the Court deems just an appropriate under the circumstances.

Respectfully Submitted on this 24th day of September, 2018.

s/ Scott Stamatakis
Scott Stamatakis
Florida Bar No.: 178454
Trial Attorney for Plaintiff
STAMATAKIS + THALJI + BONANNO
PO Box 341499
Tampa, Florida 33694
(813) 282-9330 (telephone)
(813) 282-8648 (facsimile)
Email: **Service@MyInjury.com**

L18-1169



Ex. "A"

September 5, 2018

**Sent Via Certified and Regular Mail**
Ryan T. Messmore and Elyse M. Messmore
3156 Dunstable Drive
Land O' Lakes, FL 34638

### NOTICE OF INTENT TO
### RECORD A CLAIM OF LIEN

Re:   Unit address: 3156 Dunstable Drive, Land O' Lakes, FL 34638
      Club Concord Station (the "Club")

Dear Ryan T. Messmore and Elyse M. Messmore, husband and wife:

Our firm represents the Club in its efforts to collect the delinquent amounts owed on your Club account. The following amounts are currently due on your account to the Club, and must be paid within 30 days after your receipt of this letter. Although no notice is required, this letter shall serve as the Club's notice of intent to record a Claim of Lien against your property no sooner than 30 days after your receipt of this letter, unless you pay in full the amounts set forth below:

| | |
|---|---|
| Club Dues from August 1, 2009 to August 15, 2016 | $5,346.53 |
| Late fee, if applicable | $1,650.00 |
| Interest through August 15, 2016* | $3,055.62 |
| Regular & Certified mail charges | $20.30 |
| Other costs | $0.00 |
| Attorney's Fees & Costs (including interest thereon, if any) due to ALG from Club: | $6,072.67 |
| TOTAL OUTSTANDING: | $16,145.12 |

*Interest accrues at the rate of 18% percent per annum.

Please note that if you are paying an amount after August 15, 2016, additional amounts may be due. For a detailed itemization of the Total Outstanding and all other amounts that may have accrued since August 15, 2016, please contact our firm's **Payoff Department** at payoff@algpl.com or you can visit our website at www.ALG-FIRM.com and click on "Request a Payoff".

Please make your payment by cashier's check, money order or wire transfer to **ASSOCIATION LAW GROUP - TRUST ACCOUNT** and mail to: **ASSOCIATION LAW GROUP, P.O. BOX 311059, MIAMI, FL 33231.**

Please note that if all or any of the amounts claimed herein were discharged in a bankruptcy filing in accordance with the U.S. Bankruptcy Code, this statutory notice is not an attempt to collect such amounts from you personally.

Association Law Group, P.L. on behalf of Concord Station, LLP

**IMPORTANT NOTICE TO CONSUMER DEBTORS**
OUR LAW FIRM MAY BE DEEMED A DEBT COLLECTOR UNDER THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT. IF YOU DO NOT NOTIFY US WITHIN THIRTY (30) DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, WE WILL ASSUME THE DEBT IS VALID. IF YOU NOTIFY US IN WRITING WITHIN 30 DAYS THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, OR YOU REQUEST THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, WE WILL OBTAIN VERIFICATION OF THE DEBT AGAINST YOU AND MAIL A COPY TO YOU AND PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR. **THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

cc:   **Sent Via Certified and Regular Mail**
      Ryan T. Messmore and Elyse M. Messmore
      39650 US Highway 19 N, Unit 211
      Tarpon Springs, FL 34689

**Mailing Address:**
P.O. Box 311059
Miami, Florida 33231

**Office Address:**
1200 Brickell Avenue, PH 2000
Miami, Florida 33131

www.ALG-FIRM.com